Charles ROSS, Petitioner—Appellant,

v.

Sylvia GARCIA, Warden, Respondent—Appellee.

No. 01–56827.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 4, 2003.*

Decided Sept. 8, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. See
Fed. R.App. P. 34(a)(2).

Roger S. Hanson, Esq., Santa Ana, CA, for Petitioner–Appellant.

Sara Gros–Cloren, DAG, Kevin R. Vienna, Esq., AGCA–Office of the California Attorney General (San Diego), San Diego, CA, for Respondent–Appellee.

Before: NOONAN, TALLMAN, and RAWLINSON, Circuit Judges.

### MEMORANDUM **

California state prisoner Charles Ross appeals the district court's order denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Ross challenged his 1993 jury trial conviction for murder, alleging juror bias. Although the jury foreperson's actions do not permit us to imply bias, we remand to the district court for an evidentiary hearing to determine whether the foreperson was actually biased against Ross.

Because the parties are familiar with the factual background, we do not recite the details here. We review a district court's decision to deny a 28 U.S.C. § 2254 habeas petition de novo. *Benn v. Lambert*, 283

F.3d 1040, 1051 (9th Cir.2002), *cert. denied*, 537 U.S. 942, 123 S.Ct. 341, 154 L.Ed.2d 249 (2002).

■ The Ninth Circuit permits defendants alleging juror partiality to proceed on theories of actual or implied bias. *United States v. Plache*, 913 F.2d 1375, 1378 (9th Cir.1990). However, we may only imply bias in exceptional circumstances. *McDonough Power Equip. v. Greenwood*, 464 U.S. 548, 556–57, 104 S.Ct. 845, 78 L.Ed.2d 663 (1984) (Blackmun, J., concurring) (citing *Smith v. Phillips*, 455 U.S. 209, 215–16, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982)). We have implied bias where (1) a juror has prejudicial information about the defendant; (2) a juror has a personal connection to the defendant, victim, or witnesses; or (3) a juror or a close relative of the juror has been involved in a situation involving similar facts. *Coughlin v. Tailhook Ass'n*, 112 F.3d 1052, 1062 (9th Cir.1997); *see also Dyer v. Calderon*, 151 F.3d 970, 973 (9th Cir.1998) (en banc) (implying bias from juror's pattern of lying about similar crime perpetrated against her relative). Extreme instances of juror deception may also permit us to imply bias. *See Green v. White*, 232 F.3d 671, 677–78 (9th Cir.2000) (implying bias from juror's excessive, deliberate lies). Here, we hold that the jury foreperson's misconduct at Ross's trial does not rise to such egregious levels.

■ However, Ross may have a claim for actual bias. The determination of whether a juror is actually biased is a question of fact. *Fields v. Woodford*, 309 F.3d 1095, 1103 (9th Cir.2002) (citing *Dyer*, 151 F.3d at 973). The U.S. Supreme Court has held that the remedy for alleged juror bias is an evidentiary hearing to determine if bias was present. *Smith*, 455

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

U.S. at 215, 102 S.Ct. 940. In this case, the California Court of Appeal addressed the issue of implied bias and found none on the record. That was not an unreasonable determination under AEDPA. 28 U.S.C. § 2254(d). But neither did it decide the question of actual bias, if any. The district court did not conduct an evidentiary hearing on the question of actual bias and has not ruled on Ross's allegation that the jury foreperson was biased in fact.

Consequently, the district court's denial of the writ is **VACATED** and the case is **REMANDED** with instructions to hold an evidentiary hearing to determine whether the jury foreperson was actually biased against Ross. The panel will retain jurisdiction to review any appeal following the hearing and ruling by the district court.